IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILMER JEROME KNIGHT,

    Petitioner,

v.                                             Civil Action No. 3:12CV727

JAMES B. WILKINSON, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Wilmer Jerome Knight, a Virginia inmate proceeding *pro se*, submitted this 28 U.S.C. § 2254 Petition (ECF No. 12). Knight challenges his 1992 drug and firearm convictions in the Circuit Court for the City of Richmond. The Court previously denied another 28 U.S.C. § 2254 petition by Knight challenging these convictions. *See Knight v. Everett*, No. 3:07CV634, 2008 WL 2964537, at *1–2 (E.D. Va. Aug. 1, 2008).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254

Petition. Therefore, the action will be DISMISSED for want of jurisdiction. Knight's outstanding motions (ECF Nos. 7, 9, 10, 13, 15) will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Knight fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 5/7/13
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge